Hall & Ruckel, Inc. v. Commissioner.
Hall & Ruckel, Inc. v. Commissioner
Docket No. 108960.
United States Tax Court
1942 Tax Ct. Memo LEXIS 56; 1 T.C.M. (CCH) 177; T.C.M. (RIA) 42627; December 7, 1942
*56 James S. Y. Ivins, Esq., for the petitioner. James R. Johnston, Esq., for the respondent. STERNHAGEN Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies for the year ended February 28, 1939, of $2,451.55 income tax and $728.33 excess-profits tax of petitioner's transferor. Petitioner assails the disallowance of a deduction for a payment claimed to have been a lump sum settlement in cancellation of an obligation for rent. Findings of Fact Petitioner is the transferee of the assets of Vandy's, Inc., formerly called Dew Cosmetics, Inc., a New York corporation, the shares of which it owned. Dew Cosmetics' tax returned for the period March 1, 1938, to August 31, 1938, was filed in the Third District, New York. It sold its business on March 28, 1938, for $200,000, and immediately proceeded to liquidate. It was dissolved August 31, 1938, and its assets were transferred to petitioner, the owner of its shares. Its accounts and tax returns were on an accrual basis. When Dew Cosmetics was organized and began business with the newly acquired assets of the Marion Lambert Companies of St. Louis and Canada, new and larger quarters were taken by Hall & Ruckel under *57 a five-year lease ending January 31, 1941, and Dew Cosmetics occupied about two-thirds of the space. At a special meeting of the Directors of Dew Cosmetics on December 22, 1936, called to fix a proper rent for the space it occupied, and a proper apportionment of other matters, a resolution was adopted that Dew Cosmetics pay two-thirds of the rent provided in the lease, and execute a written lease with Hall & Ruckel to that effect. No such written lease was executed. In 1938 after Dew Cosmetics sold its business for $200,000, it determined its obligation to be paid before distribution of its assets. Among these the obligation to Hall & Ruckel for Dew Cosmetics' share of the rent for the leased premises was computed and found to be approximately $13,000. This amount was paid by a check dated and deposited June 3, 1938, drawn by Dew Cosmetics, Inc., to Hall & Ruckel, Inc., upon the face of which was written, "In full settlement of Dew Cosmetics, Inc., liability to Hall & Ruckel for lease." Opinion STERNHAGEN, J.: The respondent admits that as a matter of law an amount paid by a lessee in consideration for the termination or cancellation of the lease is deductible, Alexander J. Cassatt, 47 B.T.A. 400 *58 (on review C.C.A. 3 *). He defends the disallowance of the deduction because, as a matter of fact, the $13,000 "constituted," he contends, "merely one of a series of distributions by Dew in the course of its liquidation." The evidence, however, does not support that conception of the payment. Dew Cosmetics was obligated to pay two-thirds of the rent provided in the lease, and as between the parties the obligation was recognized even though no written lease between them was executed. This omission is not available to the Commissioner as an indication, contrary to their recognition of their mutual relation as lessor and lessee, that no liability existed. That the amount was in fact paid in discharge of the rent obligation is shown by the check, and this precludes the conception of it as a liquidation distribution, unless the check was a sham and the evidence is untrue. This, the respondent suggests; but submits only an argument that because the effect of the deduction upon both corporations was a net tax saving, "the questioned transaction was not conducted at 'arm's length.'" We see no reason in the evidence to rationalize the events into a tax saving scheme. The transferor did in *59 fact pay $13,000 in the tax year to Hall & Ruckel, Inc., in consideration of the release of Dew's obligation to pay rent, the amount was deductible, and the deduction was incorrectly disallowed. Respondent also in his brief attempts to demonstrate mathematically that a strict apportionment would result in a lower figure of liability than $13,000. But this, too, is beyond reach in this controversy. $13,000 is the amount which was agreed upon by the parties in settlement of Dew Cosmetics' obligation, irrespective of the exact mathematical apportionment if the occupancy had continued. It is not so beyond reasonable relation to such proportionate amount as to cause a doubt of its character as a true rent settlement. Two other items of adjustment in the deficiency determination are admitted by the petitioner to be correct, and since petitioner admits that it is liable as a transferee for the proper deficiency of Dew Cosmetics, Inc., Decision will be entered under Rule 50.